MATTHEW A. LESNICK (SBN 177594)
  matt@lesnickprince.com
LISA R. PATEL (SBN 341574)
  lpatel@lesnickprince.com
LESNICK PRINCE PAPPAS & ALVERSON LLP
315 W. Ninth Street, Suite 705
Los Angeles, CA 90015
Telephone: (213) 493-6496
Facsimile: (213) 493-6596

Counsel for Plaintiffs 13007 Yukon Avenue, Hawthorne LLC; 13100 Yukon Avenue, Hawthorne LLC; 13040 Cerise ZAV LLC; 12536 Chadron Avenue Hawthorne, LLC

RONALD N. RICHARDS (SBN 176246)
  ron@ronaldrichards.com
LAW OFFICES OF RONALD RICHARDS & ASSOC. APC
P.O. Box 11480
Beverly Hills, CA 90213
Telephone: (310) 556-1001
Facsimile: (310) 227-3325

Counsel for Plaintiff Zachary A. Vella

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>13007 YUKON AVENUE, HAWTHORNE LLC,<br>                   Debtor in Possession.<br>In re<br>13100 YUKON AVENUE, HAWTHORNE LLC,<br>                   Debtor in Possession.<br>In re<br>13040 CERISE ZAV LLC,<br>                   Debtor in Possession. | Lead Case No. 2:25-bk-10880-BR<br>Chapter 11<br>Jointly Administered With:<br>Case No. 2:25-bk-10881-BR<br>Case No. 2:25-bk-10882-BR<br>Case No. 2:25-bk-10883-BR<br><br>Adv. No. _____<br><br>**COMPLAINT FOR:**<br>**(1) DECLARATORY RELIEF AND** |

| | |
|---|---|
| In re<br><br>12536 CHADRON AVENUE HAWTHORNE, LLC,<br><br>                Debtor in Possession.<br><br>13007 YUKON AVENUE, HAWTHORNE LLC; 13100 YUKON AVENUE, HAWTHORNE LLC; 13040 CERISE ZAV LLC; 12536 CHADRON AVENUE HAWTHORNE, LLC and ZACHARY A. VELLA,<br><br>                Plaintiffs,<br>v.<br><br>GREYHAWK HAWTHORNE LENDER, LLC,<br><br>                Defendant. | **DETERMINATION OF THE VALIDITY, PRIORITY AND AMOUNT OF SECURED CLAIM; (2) DECLARATORY RELIEF AND DETERMINATION OF AMOUNT OF PERSONAL GUARANTY LIABILITY; (3) OBJECTION TO CLAIM; AND INJUNCTIVE RELIEF** |

       Plaintiffs and Debtors 13007 Yukon Avenue, Hawthorne LLC, 13100 Yukon Avenue, Hawthorne LLC, 12536 Chadron Avenue, Hawthorne LLC, and 13040 Cerise ZAV, LLC (together, the "Debtors") and Plaintiff Zachary A. Vella (together with Debtors, "Plaintiffs"), by and through their undersigned counsel, allege as follows:

**JURISDICTION AND VENUE**

      1.     Pursuant to 28 U.S.C. §§ 1334 and 157 and the General Order of the United States District Court of the Central District of California referring all matters relating to bankruptcy to the bankruptcy judges, this Court has jurisdiction over the above-captioned adversary proceeding, which arises in and relates to the above-captioned case under Title 11 and arises under Title 11.  This adversary proceeding is a "core" proceeding, which this Court may hear and determine, within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (K),and (O).

      2.     Venue in this District is proper pursuant to 28 U.S.C. § 1409(a).

      3.     The statutory predicates for this action are 11 U.S.C. §§ 105, 502(b) and 506, 28 U.S.C. § 2201, Rule 57 of the Federal Rule of Civil Procedure 57 ("FRCP 57"), and Federal Rules of Bankruptcy Procedure 3001, 3002, 3003(c), and 7001(2) and (9).

1     4.     Pursuant to the Federal Rule of Bankruptcy Procedure 7001(2) and (9) this action seeking a declaratory judgment regarding the validity, extent and priority of Defendant's liens is properly brought as an adversary proceeding.

**PARTIES**

5.     Plaintiff 13007 Yukon Avenue, Hawthorne LLC ("13007") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the above-captioned bankruptcy case. 13007 is the owner of a parcel of real property with the common street address of 13007 Yukon Avenue, Hawthorne, California.

6.     Plaintiff 13100 Yukon Avenue, Hawthorne LLC ("13100") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the above-captioned bankruptcy case. 13100 is the owner of a parcel of real property and improvements with the common street addresses of 13100 and 13130 Yukon Avenue, Hawthorne, California.

7.     Plaintiff 12536 Chadron Avenue, Hawthorne LLC ("Chadron") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the above-captioned bankruptcy case. Chadron is the owner of a parcel of real property and improvements with the common street address of 12536 Chadron Avenue, Hawthorne, California.

8.     Plaintiff 13040 Cerise ZAV ("Cerise") is a limited liability company organized under the laws of the State of Delaware and is a debtor in possession in the above-captioned bankruptcy case. Cerise is the owner of a parcel of real property and improvements with the common street address of 13040 Cerise Avenue, Hawthorne, California.

9.     The pieces of real property and improvements described in paragraphs 5 through 8 are referred to collectively as the "Properties."

10. Plaintiff Zachary A. Vella ("Vella") is a natural person with a principal residence in the State of Florida. Vella is the sole Member and Manager of each of the Debtors.

11. Defendant Greyhawk Hawthorne Lender, LLC ("Greyhawk") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Orange County, California

### STATEMENT OF RELEVANT FACTS

12. On or about August 31, 2021, the Debtors entered into a Loan Agreement (the "Loan Agreement") with lender Hawthorne Portfolio Lender LLC ("Hawthorne Lender"). A true and correct copy of relevant portions of the Loan Agreement are excerpted and attached as Exhibit 1. Under the Loan Agreement, Hawthorne Lender agreed to lend the Debtors up to $79,055,700 (the "Loan").

13. Pursuant to Paragraph 2.2 of the Loan Agreement, the Loan accrued interest at an adjustable rate calculated by adding 5.85% to a financial index called the One-Month London Interbank Offered Rate ("LIBOR").

14. Repayment of the amounts borrowed by the Debtors under the Loan Agreement is secured by one or more deeds of trust that encumber the Properties (collectively, the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached as Exhibit 2.

15. In connection with the Loan transaction, Vella executed in his individual capacity a Guaranty of Recourse Obligations (the "Guaranty"). A true and correct copy of the Guaranty is attached as Exhibit 3.

16. A licensed California real estate broker did not make or arrange, and was not otherwise involved in the making of the Loan.

17. Hawthorne Lender's rights under and interest in the Loan and Guaranty were subsequently assigned to Madison Realty Capital Debt MA II Holdings B LLC ("Madison Lender").

18. Effective December 2022, the One-Month LIBOR increased to 4.32689%, and continued to increase through 2023 and 2024, causing the interest rate under the Loan to exceed 10% from and after December 2022.

19. On October 3, 2023, the Debtors and Madison Lender entered into a Forbearance Agreement. Among other things, the Forbearance Agreement modified the terms of the Loan Agreement by: (1) increasing the Loan amount to $45,204,499.81 by capitalizing accrued and unpaid interest due under the Loan, and other charges; and (2) increasing the interest rate under the Loan to the "Default Rate" which is defined at page 10 of the Loan Agreement to be "a rate per annum equal to the lesser of (a) the Maximum Legal Rate, or (b) twenty percent (20.00%) per annum." A true and correct copy of the Forbearance Agreement is attached as Exhibit 4.

20. A licensed California real estate broker did not make or arrange, and was not otherwise involved in the making of the Forbearance Agreement.

21. During the course of the Loan Agreement, the lenders charged the Debtors interest under the Loan Agreement in excess of 10% per annum, and have to date collected close to $12,000,000 in interest payments from the Debtors.

22. Specifically, the prior lenders charged Plaintiffs a 20% rate of interest per annum effective January 1, 2023. At the time the parties lender started to charge Plaintiffs a 20% interest, the unpaid principal balance of the loan was $40,873,744.15.

23. Madison Lender's rights under and interest in the Loan and Guaranty were assigned to Defendant Greyhawk effective December 23, 2024.

24. For the time period of January 1, 2023 through December 31, 2023, prior lenders, and/or assignee Greyhawk, charged the Debtors over $16 million in interest at a rate of 20%. For the time period of January 1, 2023 through December 31, 2023, the Debtors made approximately $11.9 million in interest payments to lenders.

25. On or about January 21, 2025, the Debtors received a Notice of Trustee's Sale ("NOS"), which Greyhawk had caused to be recorded in the Official Records

of the County of Los Angeles County. The NOS scheduled a February 5, 2025 trustee's sale of the Properties.

26. The NOS states that the total amount due under the Loan is $47,558,932.40.

27. On February 4, 2025, the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, commencing the above-captioned jointly-administered bankruptcy cases. The filing of the bankruptcy petitions stayed the scheduled foreclosure sale of the Properties under § 362(a) of the Bankruptcy Code.

28. Defendant Greyhawk has demanded that Plaintiffs pay $47,558,932.40 to pay off the Loan, a substantial portion of which consists of interest charged at a rate of 20% per annum, which exceeds the 10% limit on interest under the California Constitution, and is therefore usurious.

29. In its dealings with Plaintiffs, Greyhawk has acted in bad faith and with intent to avoid the applicable usury laws.

30. The Debtors have obtained a loan commitment for sums sufficient to pay off the Loan, minus usurious interest, and have requested a new payoff from Greyhawk excluding all usurious sums, but Greyhawk has not provided it, thus preventing a valid loan pay off.

31. Because the Loan is usurious, all interest payments made by Plaintiffs to Greyhawk and/or its predecessor in interest must be applied to reduce the principal balance of the Loan, which means that Greyhawk's $47 million dollar payoff demand is overstated.

32. On or about February 5, 2025, Greyhawk filed a "Motion for Summary Judgment in Lieu of Complaint" against Vella in the Supreme Court of the State of New York, commencing litigation captioned *Greyhawk Hawthorne Lender, LLC v. Zachary A. Vella* [Index No. 650508/2025] (the "New York Litigation").

33. In the New York Litigation, Greyhawk seeks to collect on the Guaranty against Vella in the amount of $46,851,027.30, plus costs, expenses, attorneys' fees and interest.

34. Under the Guaranty, Vella cannot be held liable for more than the Debtors' obligations under the Loan. Accordingly, because the Loan is usurious, all interest payments made by Plaintiffs to Greyhawk and/or its predecessor in interest must be applied to reduce the principal balance of the Loan, which means that Greyhawk's demand against Vella under the Guaranty is overstated.

## FIRST CLAIM FOR RELIEF
**[Declaratory Relief by the Debtors With Respect to Amounts Due Under the Loan]**

35. Plaintiffs reallege and incorporate by reference Paragraphs 1 through __.

36. There is an actual controversy between the Debtors and Greyhawk regarding the amount due to Greyhawk under the Loan and the validity, priority, and extent of Greyhawk's liens on and security interests in the Debtors' assets, including the Properties and any rents and profits. For purposes of administration of their bankruptcy estates, the Debtors need to know the validity, priority and amount of Greyhawk's secured claims and is entitled to have that issue determined by the Court.

37. The Debtors are entitled to a judgment (a) declaring that the Loan is usurious (b) declaring that all interest payments made by Plaintiffs to Greyhawk and/or its predecessor in interest must be applied to reduce the principal balance of the Loan, and (c) determining the correct amount of Greyhawk's secured claim against the Debtors.

## SECOND CLAIM FOR RELIEF
**[Declaratory Relief by all Plaintiffs With Respect to Amounts Due Under the Guaranty]**

38. The Plaintiffs reallege and incorporate by reference Paragraphs 1 through __.

39. There is an actual controversy between Vella and Greyhawk regarding the amount due to Greyhawk under the Loan and the Guaranty.

6

40. Vella is entitled to a judgment (a) declaring that the Loan is usurious (b) declaring that all interest payments made by Plaintiffs to Greyhawk and/or its predecessor in interest must be applied to reduce the principal balance of the Loan, and (c) determining the amount of Vella's liability under the Guaranty.

41. The Debtors are entitled to declaratory judgment regarding Vella's liability under the Guaranty because (a) to the extent Vella pays any money to Greyhawk, Vella will have a claim against the Debtors for indemnification, contribution and/or reimbursement, and (b) to the extent Vella is found liable to Greyhawk under the Guaranty, Vella will have a contingent claim against the Debtors indemnification, contribution and/or reimbursement. Accordingly, the Debtors have a financial interest in ensuring that Vella's liability to Greyhawk is not greater than the Debtors' liability to Greyhawk.

## **THIRD CLAIM FOR RELIEF**
### **[By the Debtors - Objection to Claim]**

42. The Debtors reallege and incorporate by reference Paragraphs 1 through __.

43. The Debtors anticipate that Greyhawk will file proofs of claim in the Debtors' bankruptcy cases asserting secured claims in an amount no less than the amounts asserted by Greyhawk in the NOS and the New York litigation. However, even if Greyhawk does not file proofs of claim, because it has deeds of trust on the Debtors' Properties, the amounts of Greyhawk's claims needs to be determined in order to administer the Debtors' bankruptcy cases.

44. For the reasons set forth above, the amounts asserted by Greyhawk against the Debtors are overstated because the Loan is usurious, all interest payments made by Plaintiffs to Greyhawk and/or its predecessor in interest must be applied to reduce the principal balance of the Loan.

**FOURTH CLAIM FOR RELIEF**
**[By all Plaintiffs – Injunctive Relief]**

45. Plaintiffs reallege and incorporate by reference Paragraphs 1 through —.

46. The New York Litigation involves the same factual and legal issues as this adversary proceeding including, without limitation, whether the Loan is usurious and the proper amount of Greyhawk's claim against the Debtors and Vella. It is more efficient to resolve these issues in one forum. If the New York Litigation is permitted to proceed, there is risk of inconsistent results in the two different forums.

47. To the extent Vella pays any money to Greyhawk, Vella will have a claim against the Debtors for indemnification, contribution and/or reimbursement. To the extent Vella is found liable to Greyhawk under the Guaranty, Vella will have a contingent claim against the Debtors indemnification, contribution and/or reimbursement. Accordingly, the Debtors have a financial interest in ensuring that Vella's liability to Greyhawk is not greater than the Debtors' liability to Greyhawk and that there are not inconsistent results in the two different forums.

48. Based on the foregoing, Greyhawk should not be permitted to continue to prosecute the New York Litigation or action in any other forum to enforce the Guaranty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment as follows:

A. Declaring that the Loan is usurious.

B. Determining the allowed amount of Greyhawk's claims against the Debtors and the validity, priority and extent of its liens against the Properties and other assets of the Debtors' bankruptcy estates.

C. Determining the proper amount of Greyhawk's claim against Vella under the Guaranty.

1         D.    Enjoining Greyhawk from continuing to prosecute the New York Litigation or action in any other forum to enforce the Guaranty.

        E.    Granting Plaintiffs their reasonable fees and costs.

        F.    For such further relief as the Court may deem appropriate.

DATED: March 30, 2025        LESNICK PRINCE PAPPAS & ALVERSON LLP

By: /s/ Matthew A. Lesnick
Matthew A. Lesnick
Counsel for Plaintiffs 13007 Yukon Avenue, Hawthorne LLC; 13100 Yukon Avenue, Hawthorne LLC; 13040 Cerise ZAV LLC; 12536 Chadron Avenue Hawthorne, LLC

DATED: March 30, 2025        LAW OFFICES OF RONALD RICHARDS & ASSOC. APC

By: *Ronald Richards*
Ronald Richards
Counsel for Plaintiff Zachary A. Vella